**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William J. Bedell, | No. CV-25-00275-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Pre-Owned Auto Sales LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff William Bedell's Motion for Leave to File Late Application for Attorney's Fees & Costs. (Doc. 29.) Plaintiff asks the Court to extend the time to file a motion requesting attorney's fees as to defaulted Defendant Arizona Pre-Owned Auto Sales, LLC. (*Id.*) Plaintiff contemporaneously lodged the motion for fees. (Doc. 30.) Plaintiff's counsel asserts that after default judgment was entered, counsel failed to file a timely motion "[d]ue to an inadvertent calendaring and lack of communication between counsel and [her] legal assistant." (Doc. 29 at 2.) The Court will allow the motion and grant Plaintiff's request for attorney's fees in part.

## 1) MOTION FOR LEAVE TO FILE APPLICATION OF ATTORNEY'S FEES AND COSTS

Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may extend a deadline after its expiration "if the party failed to act because of excusable neglect." The Ninth Circuit has adopted the Supreme Court's test for determining excusable neglect, which considers "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within

the reasonable control of the movant, and whether the movant acted in good faith." *Iopa v. Saltchuk-Young Bros., Ltd.*, 916 F.3d 1298, 1301 (9th Cir. 2019) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)).

Here, Arizona Pre-Owned has failed to appear and is subject to default judgment. Granting attorney's fees in this matter does not cause Arizona Pre-Owned prejudice because its failure to appear results in "payment of the nondefaulting party's attorney fees and costs." *Ocwen Loan Servicing, LLC v. Akbari*, No. 2:11-CV-01781-LRH-VCF, 2013 WL 5596661, at *1 (D. Nev. Oct. 10, 2013) (citing *Nilson v. La. Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988)); Fed. R. Civ. P. 37(b)(2)(C).

Second, the month-long delay had no impact on proceedings as default had already issued.

Third, while the timing was within counsel's control, counsel's explanation is reasonable and suggests she acted in good faith. Plaintiff's counsel claims that the delay was due to "an unintentional oversight," and that counsel intended "to file a single, consolidated Application that would finalize[] post-judgment costs for enforcement of the judgment from Pima County Sheriff's Office—which typically requires 45 days to process—rather than filing piecemeal motions." (Doc. 29 at 4.) The Court finds counsel's failure was due to excusable neglect, and now turns to the merits of the request for attorney's fees.

### 2) MOTION FOR ATTORNEY'S FEES

Plaintiff's claims under the Magnuson-Moss Warranty Act and the relevant Arizona Revised Statute allow for an award of reasonable attorneys' fees to a prevailing party. 15 U.S.C. § 2310(d)(2); A.R.S. § 12-341.01(A). Plaintiff's default judgment against Arizona Pre-Owned renders him the prevailing party. *See Buckhannon Bd. and Care Home, Inc. v. W. Virg. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001) (defining the prevailing party as "[a] party in whose favor a judgment is rendered"); *see also McGilvra v. Abbott & Rose Assocs*, LLC, No. 1:19-CV-00106-SAB, 2019 WL 5557273, at *2 (E.D. Wash. Oct. 28, 2019) (stating "if the Court grants Plaintiff's motion for default judgment,

then she is a prevailing party").

"The most useful starting point for determining the amount of a reasonable [attorney's] fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This figure, called the "lodestar," is presumptively reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010). "Reasonable hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The lodestar may be increased or decreased after considering:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions involved;
> (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the undesirability of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

*Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014).

The factors for awarding attorney's fees under A.R.S. § 12-341.01(A) substantially overlap with those required under federal law; therefore, the Court evaluates them together. *Compare Carter*, 757 F.3d at 869, *with Med. Protective Co. v. Pang*, 25 F. Supp. 3d 1232, 1242 (D. Ariz. 2014).

///

///

///

///

///

a.  *Reasonable Hourly Rate*

Plaintiff requests the following:

| Hours | Fees |
|---|---|
| 19.51 Attorney | $7,289 |
| 12.65, Paralegal/Legal Assistant/Law Clerk | $1442.50 |
| Total | $8,731.50 |

(Doc. 30 at 2.) The Court evaluates each request individually.

i.  Attorney Christine Ferraris

Attorney Christine Ferraris asks for reimbursement in the amount of $350.00/hour for prelitigation work, and $400.00/hour after filing. (Doc. 30-1 ¶ 35.) Counsel has been barred since 2007 and has considerable experience in fraudulent business practices. (*Id.* ¶¶ 1–13.) In 2022, counsel's rate of $350.00/hour was found to be reasonable in comparable cases. *See Fierros v. Quebedeaux Buick GMC Inc.*, No. CV-20-00245-TUC-RM (MSA), 2022 WL 3648028, at *1 (D. Ariz. Aug. 24, 2022); *see also Barrio v. Gisa Invs. LLC*, No. CV-20-00991-PHX-SPL, 2021 WL 1947507, at *3 (D. Ariz. May 14, 2021). Counsel contends that she often is paid $400.00/hour and states that in this case, Plaintiff agreed to the $350.00/hour prelitigation and $400.00 litigation fees. (Doc. 30-1 ¶ 35.) Counsel avers she has reduced her attorney's fees by 50% for work that applied to both Defendants. (*Id.*) "The fact that the client paid the rate charged by the lawyer may be used as evidence of reasonableness." *Barrio*, 2021 WL 1947507, at *2 (citing *Orman v. Cent. Loan Admin. & Reporting*, No. CV-19-04756-PHX-DWL, 2020 WL 919302, at *2 (D. Ariz. Feb. 26, 2020)).

The Court finds that given her experience, the reasonableness of her fees from four-year-old cases, the fee Plaintiff agreed upon, and the results obtained, her fees are reasonable.

ii.  Law Clerk Talitha Combs

Counsel asks for an hourly rate of $150.00 for law clerk Talitha Combs. (Doc. 30-1 ¶ 23.) Combs graduated from University of Oregon Law School. (*Id.* ¶ 23.) The Court finds

this request reasonable and comparable to the prevailing market rate in this district. *See Stokes Trust v. Franzheim*, No. CV-21-00538-TUC-JGZ, 2022 WL 11276488, at *2  (D. Ariz. Oct. 18, 2022) (finding $150.00/hour rate for third-year law student acting as a law clerk reasonable).

iii.   Legal Assistants Julia Clark & Mason Highsmith

Counsel requests an hourly rate of $100.00 for legal assistants Julia Clark and Mason Highsmith. (Doc. 30-1 ¶¶ 18, 22.) Julia Clark has been working as a legal assistant for A. Ferraris Law, P.L.L.C. for one year. (*Id.* ¶ 18.) Clark has a criminal justice degree, and "worked for the Tucson Police Department, where she managed coordination between the Courts and the Department on expungements and other legal procedural and administrative tasks." (*Id.* ¶ 18.) Mason Highsmith has been a legal assistant for 2 ½ years. (*Id.* ¶ 22.) Counsel's request for $100.00/hour for her legal assistants is reasonable and in accordance with the prevailing market rate in the District of Arizona. *See Fierros*, 2022 WL 3648028, at *1  (awarding $100.00/hour for Ferraris' legal assistant).

iv.   Paralegal Michelle Wu[1]

Counsel seeks $125.00/hour for the work of paralegal Michelle Wu. (Doc. 30-1 ¶ 19.) For ten years, Wu worked in jobs drafting and researching. (*Id.*) She also has a master's degree in legal studies from the University of Arizona. (*Id.*) Counsel's request for $125.00/hour for Wu's work is reasonable and in accordance with the prevailing market rate. *See Fierros* 2022 WL 3648028, at *1 (awarding $125.00/hour for Ferraris' paralegal); *see also BoxNic Anstalt v. Gallerie degli Uffizi*, No. CV-18-1263-PHX-DGC, 2020 WL 2991561, at *2 (D. Ariz. June 4, 2020) (finding $150.00/hour for paralegal work was reasonable).

b.  *Number of Hours Reasonably Expended*

Counsel states, "[t]he orange highlighted entries are the records billed under this fee application." (Doc. 30-1 ¶ 30.) Counsel claims prelitigation attorney time at the rate of

---

[1] Counsel highlighted 0.7 hours for paralegal Hal Van Woert. (Doc. 30-2 at 4, 14, 46.) The Court does not include this time in its calculation; it does not appear that counsel has included the fee, nor has counsel listed Van Woert's qualifications in her affidavit. (*See* Doc. 30-1 ¶ 35(B).

- 5 -

$350.00/hour then discounted by 50%; litigation work as to both Defendants at a rate of $400.00/hour then discounted by 50%; litigation as to Arizona Pre-Owned at the rate of $400.00/hour; and includes 5 hours at the $400.00/hour rate for the fee application.[2] (*Id.* ¶ 35.) The Court has reviewed the highlighted entries and finds:

| Timekeeper | Hours | Hourly Rate | Total Requested |
|---|---|---|---|
| Christine Ferraris (Attorney) | 10.5 | $350.00/2 | $1,837.50 |
|  | 1.3 | $400.00/2 | $260.00 |
|  | 11.1 | $400.00 | $4,440.00 |
| Fee Application | 1.8 | $150.00 | $270.00 |
| Talitha Combs (Law Clerk) | 4.9 | $150.00/2 | $367.50 |
| Julia Clark (Legal Asst.) | 7.1 | $100.00 | $710.00 |
| Mason Highsmith (Legal Asst.) | .8 | $100.00 | $80.00 |
| Paralegal | 2.2 | $125.00 | $275.00 |
| Initial Consult Fee: | 1.5 | $350.00/2 | $175.00 |
| Totals: | Attorney: 24.7 |  | $6,807.50 |
|  | Law Clerk: 4.9 |  | $367.50 |
|  | Legal Asst.: 7.9 |  | $790.00 |

[2] Though unclear, the Court believes the 5 hour fee application encompasses 3.2 hours "reviewing my firm's billing records to exercise discretion and remove duplication or administrative tasks and/or otherwise account for what constitutes a reasonably prudent amount of time for the legal services rendered" and "1.8 hours . . . preparing this declaration, motion and finalizing the submission for filing . . . ." (Doc. 30-1 ¶ 26, 27.) In general, federal court permits "compensation for the time and effort spent in preparing fee applications." *In re Nucorp Energy, Inc.*, 764 F.2d 655, 662 (9th Cir. 1985). However, as counsel is aware, "purely clerical tasks are not recoverable," nor are "excessive or unnecessary" hours. *Fierros*, 2022 WL 3648028, at *2 (D. Ariz. Aug. 24, 2022). The Court, in its discretion, declines to award counsel fees for the 3.2 hours spent determining what fees she wanted to request. It will include the 1.8 hours spent preparing the fee motion, but because the motion was uncontested and analysis was minimal, the Court only allows recovery at counsel's law clerk rate. *See id.*, at *4 (reducing attorney rate for fee motion).

| | | | |
|---|---|---|---|
| | Paralegal: 2.2 | | $275.00 |
| | Initial Consult Fee: | | $175.00 |
| | | **Total Atty. Fees:** | $8,415.00 |

Graphing counsel's calculations illustrate certain discrepancies:

| Timekeeper | Hours | Hourly Rate | Total Requested |
|---|---|---|---|
| Christine Ferraris | 10.2 | $350.00/2 | $1,785.00 |
| (Attorney) | 1.3 | $400.00/2 | $260.00 |
| | 8.11 | $400.00 | $3,244.00 |
| Fee Application | 5 | $400.00 | $2,000.00 |
| Law Clerk | 4.9 | $150.00/2 | $367.50 |
| Legal Assts. | 8 | $100.00 | $800.00 |
| Paralegals | 2.2 | $125.00 | $275.00 |
| Initial Consult Fee: | n/a | n/a | n/a |
| Total: | Attorney: 24.61 | | $7,289.00 |
| | Law Clerk: 4.9 | | $367.50 |
| | Legal Asst.: 8 | | $800.00 |
| | Paralegal: 2.2 | | $275.00 |
| | | **Total Atty. Fees:** | $8,731.50 |

"[H]ours may be reduced by the Court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary." *Moshir v. Automobili Lamborghini Am. LLC*, 927 F. Supp. 2d 789, 797 (D. Ariz. 2013) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)).

First, the Court calculates 10.5 hours at the $350.00/2 rate—counsel includes only 10.2 hours. (*See* Doc. 30-1 ¶ 5.) In addition, counsel claims 8.11 hours of litigation work as to Defendant Arizona Pre-Owned only at $400.00/hour = $3,244.00. (*Id.*) In the Court's calculation of the highlighted entries, there are an additional 3 hours of work at that rate.

However, because counsel asks for fewer hours, the Court will grant counsel her requested time.

Second, counsel requests 8 hours of legal assistant time; however, only 7.9 hours are itemized.

Third, as noted previously, the Court allows only 1.8 hours of attorney work at her law clerk's rate of $150.00/hour for the fee application.

Finally, it appears counsel has not included the initial consult fee. Because the fee is reasonable and has been documented in the itemization, the Court will grant counsel the $175.00 consultation fee.

Based on the foregoing, the Court finds that the following number of hours are reasonable:

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Attorney | 10.2 | $350.00/2 | $1,785.00 |
| | 1.3 | $400.00/2 | $260.00 |
| | 8.11 | $400.00 | $3,244.00 |
| Fee Application | 1.8 | $150.00 | $270.00 |
| Law Clerk | 4.9 | $150.00/2 | $367.50 |
| Legal Assts. | 7.9 | $100.00 | $790.00 |
| Paralegals | 2.2 | $125.00 | $275.00 |
| Initial Consult Fee | 1.5 | $350.00/2 | $175.00 |
| | | **Total Atty Fees:** | $7,166.50 |

   c.  Costs

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded."  *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th

Cir. 1999).

Counsel provides itemized receipts for costs totaling "$425.53 for filing, printing, postage, and service of Process for Defendant." (Doc. 30-1 ¶ 36; Doc. 30-3 at 2–11.) Counsel has supported her request with receipts, and the Court will grant counsel's costs.

Accordingly, IT IS ORDERED:

1) Plaintiff's Motion for Leave to File Late Application for Attorney's Fees & Costs is GRANTED. (Doc. 29.) The Clerk of Court shall docket Plaintiff's Lodged Proposed Application for Attorney Fees and Costs. (Doc. 30.)

2) Plaintiff's Application for Attorney Fees and Costs is GRANTED IN PART. Plaintiff is awarded his reasonable attorney's fees against Defendant Arizona Pre-Owned Auto Sales in the amount of $7,166.50. Plaintiff is awarded costs and expenses against Defendant Arizona Pre-Owned Auto Sales in the amount of $425.53.

Dated this 6th day of April, 2026.

Honorable Raner C. Collins
Senior United States District Judge

- 9 -